In the Matter of the Application of 2225 46th Street, LLC., Petitioner,

against
Giannoula Hahralampopoulos, et al, Respondents.


711140/16

Lawyers were Michael H. Maizes Esq. of Maizes and Maizes, LLP
2027 Williamsbridge Road, 2d Floor, Bronx, NY 10461
For Petitioner
And Katerina Arvanitakis Esq. of Katerina Arvanitakis, 150-39 14th Avenue, 2d Floor, Whitestone, NY 11357
For Respondent


Timothy J. Dufficy, J.

The following papers read on this application by petitioner 2225 46th St, LLC for an order pursuant to RPAPL §881 granting petitioner a license to enter upon the respondents' premises for the purpose of performing demolition, and conducting improvements and repairs.
PAPERS/NUMBERED
Order To Show Cause (signed) EF 14
Petition-Affirmation-Exhibits EF1; EF 4-13
Affidavit of Service EF 15
Memorandum of Law -
Affirmation in Opposition-Exhibits EF 21
Respondents' Opposition-Exhibits EF 24-39
Reply Affidavit-Exhibits EF 40; EF 41-42; EF 44
Memorandum of Law -
Affidavit in Support EF 46
Affidavit in Opposition-Exhibits HC 1 - 2
Initially, the petitioner is advised that working copies of papers submitted to the Court must be single-sided, in conformity with the Court rules, in the same form as original papers filed. Double-sided papers, memoranda of law, with no exhibit tabs or other delineation, are unacceptable, and delay processing of decisions.
Upon the foregoing papers, it is ordered that the application is granted, as set forth below:
Petitioner North 7-8 Investors, LLC moves this Court, pursuant to RPAPL §881, for an order granting the petitioner a license to enter the adjoining properties owned by the respondents in order to demolish an abutting 50,000 square foot warehouse building and construct a new building. In order to perform the demolition, the New York City Administrative Code requires a [*2]protective fence or other perimeter wrap such as tarps to be constructed to protect the properties of adjacent property owners that are within fifteen (15) feet of the demolition operations. In this case, there are apparently eighteen abutting properties whose back yards are adjacent to the existing structure. Each property is approximately 20 feet wide by 100 feet long. The petitioner avers that the encroachment of the fence will be approximately ten (10) feet into the back yards of each of the abutting properties. The length of time of the demolition is estimated to be six to eight weeks and four months for the total operation.
The project is straightforward, and all-too-familiar in sought-after, changing areas of New York City. The matter has been fully-briefed by the parties, and objections stated clearly and completely. There are detailed responses to each objection in the petitioner's responsive papers. Hence, the Court does not feel that a hearing is necessary, particularly given the stated exigency of the situation.
The petition is granted upon the terms and conditions set forth below:
Section 881 of the Real Property Actions and Proceedings Law provides that:
"[w]hen an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry."
RPAPL 881 authorizes the court to grant the license on such terms as justice requires. This language is broad and allows for the flexibility and full scope upon which equity depends. In a normal commercial setting, where a license agreement cannot be reached, there is no license. Where a license pursuant to RPAPL 881 is sought, the license can be compelled even though no agreement is reached, and, in that situation, the terms of the license are set in the discretion of the court.
Here, there is no dispute that the petitioner will require access to the respondents' property to protect the abutting properties from falling debris during the demolition portion of the project. Hence, access is deemed necessary (Sunrise Jewish Ctr. of Val. Stream v Lipko, 61 Misc 2d 673 [Sup Ct, Nassau County 1969].)
While the petition does fail to set forth the dates for which access is sought as required by the language of RPAPL 881, the petitioner has stated that it seeks access for approximately four months. There is little purpose in dismissing the petition on this ground and requiring the petitioner to bring a new petition when the Court can simply set [*3]the duration of the license in its order. Hence, The Court sets the duration at one (1) year, unless the project is completed sooner, finding that four (4) months is overly optimistic goal. 
Section 881 provides that a license shall be granted "upon such terms as justice requires." Such terms as justice requires extends to the nature and extent of access that is necessary, the duration such access may be necessary, as well as what protections may be necessary to safeguard the adjoining owner's property.
The statute and case law provide that petitioner is strictly liable for any damage it may cause to respondent's property. (RPAPL §881; Matter of North 7-8 Invs. LLC v Newgarden, 43 Misc 3d 623 [Sup. Ct. Kingo Co. Saitta, J.]; Sunrise Jewish Ctr. of Val. Stream v Lipko, supra; MK Realty Holding, LLC v Scneider, 39 Misc 3d 1209[A], 2013 NY Slip Op 50551[U] [Sup Ct, Queens County 2013].) Nonetheless, the court is not limited to requiring bonds and insurance to ensure that petitioner will be able to compensate respondent for any damage. Justice also requires that the terms of the license provide for safeguards to prevent damage from occurring, particularly where a respondent is compelled to grant access to his property. (See 537 W. 27th St. Owners LLC v Mariners Gate, LLC, 2009 NY Slip Op 32360[U], 2009 WL 3400277 [Sup Ct, NY County 2009].)
In this regard, it must be remembered that section 881 compels a property owner to grant access for the benefit of another. The respondent to an RPAPL 881 petition has not sought out the intrusion and does not derive any benefit from it. The court must be mindful of the fact that it is called upon to grant access after the parties have failed to reach an agreement, and must not allow either party to overreach and use the court to avoid negotiating in good faith.
The risks and costs involved in the use that a petitioner makes of its neighbor's property should be wholly borne by the petitioner. Equity requires that the owner compelled to grant access should not have to bear any costs resulting from the access, including steps necessary to safeguard his or her property. In this case, the intrusion is minimal, limited to a portion of the back yards of the respondents.
Respondents seek reimbursement for expenses incurred in retaining an architect or engineer to review the petitioner's plans, and in retaining an attorney to negotiate and draft a license agreement. They further seek reimbursement for attorneys' fees incurred in opposing this petition. Respondents have not, however, hired an architect or engineer, and the Court finds this unnecesssary. 
This is not a case where the petitioner sought to conduct underpinning or other prospectively dangerous activities to respondent's property. It is more akin to the placement of a sidewalk bridge (see e.g. Ponito Residence LLC v 12th St. Apt. Corp., 38 Misc 3d 604 [Sup. Ct. NY Co. 2012, Madden, J.]).
The opponents of the application paint a picture of destruction and hardship that does not comport with the reality of the situation, and appears calculated to exact a disproportionate fee in exchange for license to conduct the construction activities [*4]contemplated by the petition. The erection of a fence on their property involves the placement of support posts, and requires access to the property in order to erect the protective fencing. The respondents have identified no special or extraordinary damages that are prone to arise from the building of this fence. 
This case does not require that the petitioner pay the respondents' reasonable fees incurred in reviewing the petitioner's plans and making counter-proposals or ongoing monitoring of the work during the term of the license. Moreover, the payment of respondents' legal fees shall not be required.
However, while the access is necessary to enable petitioner to complete its improvement, it is not just that the petitioner obtain the access without cost, particularly for a project of this size where such fees would not constitute a hardship. Courts have awarded license fees as a condition of a license pursuant to RPAPL 881 (see Ponito Residence LLC v 12th St. Apt. Corp., 38 Misc 3d 604, 959 NYS2d 376 [Sup Ct, NY County 2012]; Matter of Rosma Dev., LLC v South, 5 Misc 3d 1014[A], 2004 NY Slip Op 51369[U] [Sup Ct, Kings County 2004]; MK Realty Holding, LLC v Scneider, 39 Misc 3d 1209[A], 971 NYS2d 72, 2013 NY Slip Op 50551[U] [Sup Ct, Queens County 2013])
Other conditions the court may impose include posting a bond, obtaining insurance coverage, agreeing to indemnify the adjacent landowner and paying for the use of the license. (Ponito Residence LLC v 12th St. Apt. Corp., 38 Misc 3d 604, 959 NYS2d 376 [Sup Ct, NY County 2012]; Deutsche Bank Trust v 120 Greenwich Dev. Assoc., 7 Misc 3d 1006[A], 2005 NY Slip Op 50467[U] [Sup Ct, NY County 2005].)
In Ponito, supra, the court awarded a $1,500 monthly fee as a condition of a license to maintain a sidewalk shed which extended twenty feet in front of an adjoining property. In Matter of Rosma, supra, the court awarded a $2,500 monthly fee as a condition of a license for the limited purpose of erecting sidewalk bridging, abutting approximately ten feet onto the sidewalk in front of respondents' real property. In MK Realty Holding, LLC, the court awarded a $1,000 fee as a condition of a 15-day license to erect a scaffold on an adjoining property.
Rather than set a somewhat arbitrary fee, this Court directs the petitioner and respondents to each submit one expert affidavit from a real estate expert as to the value of the use and occupancy of ten (10) feet of a backyard piece of property in the subject area.
Wherefore, the petition is granted , and it is hereby
ORDERED that petitioner is awarded a license to enter on respondents' properties upon the following terms and conditions:
1. The license is awarded to 2225 46th St, LLC only and shall be for a term of one (1) year, or less, if the project is completed before then.
2. The petitioner is granted access to the back yards of the respondents' properties for the purpose of installing demolition fencing and other protective structures.
3. Petitioner's workmen and contractors are allowed access to respondent's premises only from Mondays through Fridays, between the hours of 8:30 a.m. to 5:00 [*5]p.m.
4. Petitioner shall procure insurance, in the amount of $1,000,000, covering all of the respondents by name, and listing respondent properties as part of the covered work site, for any liability respondent may incur for property damage, personal injury, or wrongful death, including any liability under the Labor Law, as a result of petitioner's work, whether or not caused by the negligence of petitioner or its employees, agents, contractors or subcontractors, and providing respondent first-party benefits to cover any damage to his property, including damage caused by earth movement. Petitioner shall maintain this insurance for the duration of this license.
5. Petitioner shall indemnify and hold respondent harmless to the fullest extent permitted by law for any liability, claims, damages or losses, including attorneys' fees he may incur as a result of petitioner's work, whether or not caused by the negligence of petitioner or its employees, agents, contractors or subcontractors.
6. Petitioner shall immediately report, in writing, to respondent any damage to respondent's property caused by petitioner's work.
7. Petitioner shall cure any violation placed against respondent's property by a governmental or administrative agency as a result of petitioner's work. Petitioner shall reimburse respondent for any fines or penalties imposed as a result of such violations.
8. Petitioner shall take all steps necessary to remove any mechanic's lien, or other encumbrance, against respondent's property arising from petitioner's work or use of respondents' premises.
9. Petitioner shall submit one expert affidavit and respondents shall collectively submit one expert affidavit from a real estate expert detailing the value and use and occupancy of ten (10) feet of a backyard portion of the respondents' property.
10. Petitioner shall give an undertaking in the amount of $1 million to secure payment by petitioner of any damage to respondents' property, to secure payment by petitioner of the license, architectural and attorneys' fees required by this order as a condition of the license, and to secure payment by petitioner to indemnify respondent for any liability, claims, damages or losses, including attorneys' fees, that respondent incurs as a result of petitioner's work.
11. The term of this license shall commence 15 days after petitioner has provided to respondents a copy of the insurance policy and the undertaking described above; and it is further ordered that this Court retains jurisdiction over this matter to resolve any disputes over the interpretation, implementation or enforcement of this license.
The foregoing constitutes the decision and order of the Court. 
Dated: January 17, 2017
TIMOTHY J. DUFFICY, J.S.C.